## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**BRANDON LEE THAGGARD**                                                                     **PLAINTIFF**

**V.**                                                                    **CAUSE NO: 1:25cv372 LG-RPM**

**DIANNE HERMAN ELLIS, ESQ.**
**AND ELLIS LAW FIRM, PLLC**                                                         **DEFENDANTS**

## COMPLAINT

### JURY TRIAL DEMANDED

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff Brandon Thaggard and files this his Complaint for Damages against Defendants, Dianne Herman Ellis, Esq. and Ellis Law Firm, PLLC, and states as follows:

### Parties

1. Plaintiff, Brandon Thaggard is an adult resident citizen of the state of Alabama.

2. Defendant Dianne Herman Ellis, Esq. is an adult resident citizen of the state of Mississippi, who may be served with process by personal service pursuant to MISS. R. CIV. P. 4 at her business address of 1918 23rd Avenue, Gulfport, Mississippi 39501 or as she otherwise may be found and personally served with process.

3. Ellis Law Firm, PLLC is a limited liability company, organized and registered under the laws of the state of Mississippi. Plaintiff alleges that the sole and only member of Ellis Law Firm, PLLC is Defendant Dianne Herman Ellis, an adult resident citizen of the state of Mississippi.

1

As such, Defendant Ellis Law Firm, PLLC is a citizen of the state of Mississippi. Defendant Ellis Law Firm, PLLC may be served with process by service upon its registered agent for service of process, the same being Evan D. Ellis, 1918 23rd Avenue, Gulfport, Mississippi 39501.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as in this civil action the matter in controversy exceeds the sum of $75,000.00, and it is a civil action between citizens of different states, Plaintiff being a resident of the state of Alabama, and Defendants Ellis and Ellis Law Firm, PLLC being residents of the state of Mississippi.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Introduction

6. Through this legal malpractice action, Plaintiff seeks compensation for damages sustained by Plaintiff caused by Defendants' negligent representation of Plaintiff. Specifically, Defendant Ellis, individually and on behalf of Defendant Ellis Law Firm, PLLC, breached the applicable standard of care in providing legal representation to Plaintiff in two (2) separate legal matters. As a result of Defendants' breaches of the applicable standard of care, Plaintiff sustained damages, including financial loss and personal injury.

## Facts Which Give Rise to Causes of Action

7. Prior to January 24, 2024, Plaintiff retained Defendant Ellis, a Mississippi licensed attorney, and her firm to perform legal services for Plaintiff. Specifically, Plaintiff sought legal representation from Defendant Ellis with respect to:

(a) confirming title to real property located at 190 Duncan Street, Lucedale, Mississippi, including enforcing a contract between Plaintiff and a third party, the terms of which vested

Plaintiff with title to the real property, and/or additionally and alternatively, seeking damages sustained by Plaintiff as a result of the third parties' breach of such contract, and;

(2) pursuing and litigating Plaintiff's claim for damages against his employer and other responsible entities under Title VII of the Civil Rights Act of 1964 [28 U.S.C § 2000(e) *et seq.* and *Bostock v. Clayton County*, 590 U.S. 644 (2020)] arising out of sexual discrimination and harassment suffered by Plaintiff as a result of sexual orientation, including damages sustained by Plaintiff as a result of discriminatory and wrongful termination from his employment.

8. Plaintiff sought representation from Defendants relative to the two legal matters. At all material times, Defendant Ellis held herself out as having that level of skill, expertise, and diligence necessary and required to provide competent legal representation to Plaintiff with respect to the property dispute and the Title VII claim. Defendant Ellis and Defendant Ellis Law Firm, PLLC agreed to represent Plaintiff and provide legal representation to Plaintiff with respect to each legal matter. As a result, Plaintiff and Defendants entered into an attorney client relationship with respect to the two separate legal matters.

9. By reason of Defendants' representation of Plaintiff, Defendants became imposed with a non-delegable duty to provide legal representation to Plaintiff in conformity with the applicable standard of care.

10. In pursuit of Plaintiffs' claims, Defendants filed two (2) civil actions. With respect to Plaintiff's cause of action for breach of contract and confirming title to real property, Defendants filed a civil action in the Chancery Court of George County, Mississippi, styled *Brandon Thaggard v. Michael Buchanan and Risha Buchanan*, Cause No. 24-016-AEC, Chancery Court of George County, Mississippi (hereinafter "the George County suit").

11. After obtaining a "right to sue" letter from the United States Equal Employment Opportunity Commission, a separate civil action was filed by Defendants in the United States District Court seeking compensation and damages for Plaintiff's causes of action and claims against his employer and others under Title VII of the Civil Rights Act of 1964. The civil action filed in United States District Court was styled *Brandon Thaggard v. Treeline Services, LLC, Anthony Jones, Michael Buchanan, and Risha Buchanan*, Cause No. 1:24-cv-137 TBM-RPM, United States District Court for the Southern District of Mississippi, Southern Division (hereinafter "the federal court suit").

12. Defendants breached the applicable standard of care in the provision of legal services to Plaintiff with respect to both civil actions. Defendants' breaches of the applicable standard of care caused Plaintiff to sustain financial damages and personal injury for which recovery is sought by reason of this action.

13. Defendants' breaches of the standard of care relative to representation of Plaintiff in the George County suit included, but were not limited to, the following: failing to adequately and promptly communicate with the Chancellor and counsel opposite; failing to adopt, implement, and/or maintain adequate office scheduling and calendaring policies and procedures; failing to conduct reasonable discovery; failing to file appropriate and necessary pleadings and motions; failing to diligently and competently assert and establish Plaintiff's claims, defenses to counter-claims, and damages; failing to properly supervise, instruct and/or direct activities of employees and staff of the Ellis Law Firm; failing to adhere to court ordered scheduling deadlines and appearances; failing to timely, adequately, and reasonably communicate with Plaintiff, her client; failing to seek prompt and immediate appellate review of court orders and judgments; failing to

timely and properly file notices, including notices of appeal; failing to appear for a court ordered and scheduled trial, and; such other acts of negligence and breaches of the standard of care which may be shown by expert testimony and/or at trial of this matter.

14.     Defendants' breach of the standard of care in the course of providing legal representation to Plaintiff in the George County suit was the proximate cause and proximate contributing cause of the Chancellor of the George County Chancery Court entering a September 19, 2024 judgment finding in favor of Defendants with respect to all claims of Plaintiff, dismissing all of Plaintiff's claims with prejudice, finding in favor of Defendants with respect to Defendants' counter-claims asserted against Plaintiff, (including confirming title to the real property in Defendant Buchanan), and awarding monetary damages to Defendants in the amount of $50,094.39. A copy of the September 19, 2024 Judgment entered against Plaintiff in the George County suit is attached hereto as Exhibit 1, and is incorporated herein as if reproduced in full.

15.     Defendants further breached the applicable standard of care by failing to perfect a viable appeal with respect to the rulings of the George County Chancery Court, including but not limited to a September 19, 2024 Judgment, a subsequently entered February 13, 2025 Order, and a "Final Judgment" entered on April 5, 2025, all to the detriment and injury of Plaintiff.

16.     As a result of Defendants' breaches of the standard of care in the course of representing Plaintiff in the George County suit, Plaintiff sustained foreseeable injury and damages, including but not limited to, loss of his interest in the real property located at 190 Duncan Street, Lucedale, Mississippi, consequential and related financial damages and property loss, and imposition of a judgment against him of $50,094.39. As a result of Defendants' breaches of the standard of care in the course of representing Plaintiff in the George County suit, Plaintiff sustained

personal and bodily injury, including mental and emotional distress, mental anguish and pain and suffering. As a result, Plaintiff required medical treatment to the further financial detriment of Plaintiff.

17. Defendants' breaches of the standard of care relative to representation of Plaintiff in the federal court suit included, but were not limited to, the following: failing to have the clerk of court issue summons to facilitate service of the Complaint on the individuals and entity named as defendants; failing to properly and timely serve process on the named defendants, or any one of them; failing to diligently prosecute the case, issue summons, and serve process, causing an Order to Show Cause to be entered by the court; failing to have summons issued after being granted an extension of time to serve process by the court; failing to prosecute the case, issue summons, and serve process on any defendant, causing the court to issue a Second Order to Show Cause; failing to respond to the Second Order to Show Cause issued by the United States District Court, and; such other acts of negligence and breaches of the standard of care which may be shown by expert testimony and/or at trial of this matter.

18. Defendants' breach of the standard of care in the course of providing legal representation to Plaintiff in the federal court suit was the proximate cause and proximate contributing cause of the United States District Judge entering a February 18, 2025 Order and Final Judgment dismissing the suit. The court specifically found that Defendant Ellis had ". . . failed to comply with Rule 4(m) by not serving process on Defendants." The court additionally found that Defendant Ellis had ". . . failed to prosecute his case and obey a Court Order under Rule 41(b) by not showing any cause as to why the Defendants have not been served." The court further found that Defendant Ellis had failed to meet the responsibilities to serve process, had failed to prosecute

the case, and had failed to obey a direct order of the court. A copy of the February 18, 2025 Order of Dismissal is attached hereto as Exhibit 2, and is incorporated herein as if reproduced in full.

19. As a result of Defendants' breaches of the standard of care in the course of representing Plaintiff in the federal court suit, Plaintiff sustained foreseeable injury and damages, including but not limited to, dismissal of his suit and an inability to pursue his claim due to the expiration of the statute of limitations, resulting in Plaintiff's loss of his cause of action, and resulting loss and inability to recover damages resulting from the wrongful and illegal sexual harassment and discrimination suffered by Plaintiff.

20. Plaintiff's loss of and inability to recover damages sought in the federal court suit include, but are not limited to, those damages sought in the Complaint filed by Defendant Ellis, including actual/compensatory damages, punitive damages, mental anguish damages, and pre-judgment and post-judgment interest on all such amounts.

21. As a result of Defendants' breaches of the standard of care in the course of representing Plaintiff in the federal court suit, Plaintiff sustained financial loss, personal and bodily injury, including mental and emotional distress, mental anguish and pain and suffering. As a result, Plaintiff required medical treatment to the further financial detriment of Plaintiff.

22. The injuries and damages suffered and sustained by Plaintiff were caused by Defendants' breaches of the standard of care and the pervasive negligence of Defendants. Had Defendants not breached the applicable standard of care, Plaintiff would have prevailed in both suits and been afforded relief as requested in the Complaints.

## Causes of Action

### *Negligence and/or Gross Negligence*

23. Paragraphs 1 - 22 above are incorporated herein as if reproduced in full.

24. The injuries and damages sustained by Plaintiff were caused by the negligence of Defendants in providing and/or failing to provide legal representation to Plaintiff. Specifically, Plaintiff's injuries and damages were the result of legal representation provided to Plaintiff which failed to meet the applicable standard of care. Additionally, the negligence of Defendants that resulted in Plaintiff's injuries and damages under the circumstances then and there existing may be established by application of the doctrine of *res ipsa loquitur*.

25. At all times, Defendants owed to Plaintiff a duty of care consistent with the level of skill, expertise, and diligence Defendants held themselves out as possessing, and a duty to exercise that degree of care, skill, and diligence which would have been provided by a reasonably prudent, minimally competent attorney practicing under like or similar circumstances. Such duties included, but were not limited to, duties to file appropriate pleadings; to appropriately and promptly communicate with Plaintiff, the courts, and opposing counsel; to appear at scheduled trials and hearings; to respond to and obey orders of the courts; to properly file and perfect appeals, and; to prosecute and litigate Plaintiff's cases with diligence and minimally competent skill. Defendants failed to use reasonable care and breached the applicable standards of care in providing legal representation to Plaintiff by failing to fulfill the above and aforementioned duties of care. Such breaches and failures were negligent. The negligence of Defendants caused and/or contributed to the cause of the judgments and orders entered against Plaintiff in the George County suit, the dismissal of Plaintiff's federal court suit and Plaintiff's resulting damages. The negligence, gross

negligence, or reckless conduct of Defendants in failing to comply with the minimum standards of care set forth above constitutes the direct and proximate cause of Plaintiff's damages.

26. As a proximate result of the negligence of the Defendants, and/or their agents, employees, servants and/or representatives, Plaintiff sustained financial loss, loss of property, mental and emotional distress, pain and suffering, and medical expenses and lost wages and other such damages to be determined by the jury.

27. Defendants' breaches of the applicable standard of care were of such an ongoing and pervasive extent to constitute gross negligence, entitling Plaintiff to an award of exemplary and/or punitive damages, including attorneys fees.

### *Doctrine of Res Ipsa Loquitur*

28. Paragraphs 1 - 27 above are incorporated herein as if reproduced in full.

29. The legal negligence of Defendants that resulted in Plaintiff's damages under the circumstances then and there existing may be established by application of the doctrine of *res ipsa loquitur*.

### *Breach of Contract and Tortious Breach of Contract*

30. Paragraphs 1 - 29 above are incorporated herein as if reproduced in full.

31. At the time that Plaintiff sought, and Defendants agreed to provide, legal representation to Plaintiff, agreements were formed whereby Plaintiff and Defendants entered into contractual relationships. By entering into such contractual relationships, Defendants became imposed with a contractual duty to provide reasonable legal services and representation to Plaintiff with respect to the two civil suits.

32. By and through Defendants' acts and omissions of negligence as set forth herein, Defendants breached such contracts.

33. As a result of Defendants' breach of contracts, Plaintiff suffered damages as set forth herein.

34. The actions of the Defendants in breach of contract were accompanied by gross negligence, constituting tortious breach of contract under Mississippi law, and entitling Plaintiff to an award of extra-contractual damages, including but not limited to, exemplary damages and attorneys fees.

### *Non-Delegable Duty*

35. Paragraphs 1 - 34 above are incorporated herein as if reproduced in full.

36. At all relevant times, Defendant Ellis was imposed with a non-delegable duty to appropriately, and consistent with the applicable standard of care, provide competent legal representation to Plaintiff in the two suits.

37. Additionally and/or alternatively, to the extent other entities or individuals, including but not limited to paralegals, secretaries, or other staff members of Ellis Law Firm, PLLC, assisted in providing legal services or representation to Plaintiff consistent with Defendant Ellis's instruction, protocols, practices, or procedure, and/or lack thereof, such other individuals or entities were and/or became the agents, employees, and/or borrowed servants of Defendant Ellis, imposing liability on Defendant Ellis for the acts, omissions, conduct, and consequences of such individuals' or entities' provision of legal services to or representation of Plaintiff consistent with Defendant Ellis's instruction, protocols, practices, or procedure, and/or lack thereof.

38. Additionally and/or alternatively, at all material times, Defendant Ellis had the ultimate responsibility for the legal representation provided to Plaintiff, and had a non-delegable duty to ensure that proper representation was afforded Plaintiff in all circumstances. As such, Defendant Ellis is liable and/or responsible for all acts, omissions, conduct, and consequences of such other individuals' or entities' provision of legal services or representation to Plaintiff consistent with Defendant Ellis's instruction, protocols, practices, or procedure, and/or lack thereof, under principals of vicarious liability and/or *respondeat superior*.

## **Damages**

39. The allegations of paragraphs 1 through 38 are incorporated herein as if reproduced in full.

40. As a proximate result of the negligence, gross negligence, breach of contract, tortious breach of contract and other wrongful acts of Defendants as set forth herein, Plaintiff is entitled to an award of compensatory, exemplary, and/or punitive damages against Defendants.

41. Such damages include, but are not limited to compensatory damages in an amount sufficient to compensate or reimburse Plaintiff for:

    a. the loss of the value of the real property and improvements located at 190 Duncan Street, Lucedale, Mississippi, and loss of personal property from the residence;

    b. attorneys fees and costs paid to Defendants;

    c. all amounts paid by or to be paid by Plaintiff in satisfaction of judgments and orders imposing monetary payment obligations on Plaintiff entered in the George County suit against Plaintiff;

      d.      all damages as set forth in Paragraph 16 herein;

      e.      damages which Plaintiff was entitled to recover in the federal court suit, including lost wages, and including but not limited to those damages set forth in Paragraph 20 herein;

      e.      Plaintiff's emotional distress, anxiety, mental anguish, and pain and suffering experienced as a result of Defendants' negligence, as well as such similar damages that would have been recoverable from defendants in the George County suit and/or the federal court suit that were lost due to Defendants' negligence and breach of contract;

      f.      reasonable and necessary medical expenses, including amounts incurred by Plaintiff for treatment by healthcare providers, and pharmacy charges for medication prescribed to Plaintiff by providers to treat Plaintiff's anxiety, emotional distress, and mental anguish;

      g.      such other items and/or categories of damages as will be determined by the jury, in an amount to be determined by the fact-finder or jury in this action

42.    In addition, Plaintiff is entitled to an award of exemplary damages including, but not limited to, attorneys' fees, pre-judgment interest on all such amounts, costs, and extra-contractual and/or punitive damages against the Defendants, in an amount calculated to punish and deter Defendants and others similarly situated from similar or like conduct in the future, and such other amounts as found due and owing by the jury and/or fact-finder at trial of this matter.

**Prayer for Relief**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Brandon Lee Thaggard hereby demands judgment against the Defendants in an amount in excess of $75,000.00 in compensatory damages, in addition to all costs of this action, for other damages set forth herein, including extra-contractual, exemplary, and/or punitive damages, for attorneys fees, for pre-judgment and post-judgment interest on all such amounts, and for any other relief appropriate under the law.

This the 15th day of December, 2025.

**BRANDON LEE THAGGARD**,
**PLAINTIFF**

BY   */s/ Michael T. Jaques*
       One of his Attorneys

**Michael T. Jaques, Esq. [MSB No. 8708]**
**Gainsburgh Benjamin, David, Meunier**
**&Warshauer, L.L.C.**
**240 Trace Colony Park Drive**
**Suite One Hundred**
**Ridgeland, MS 39157**
**Telephone: 601-933-2048**
**Facsimile: 504-528-9973**
**Email: mjaques@gainsben.com**